**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4611**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER WIGFALL, a/k/a Frank,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. Gina M. Groh, Chief District Judge. (3:17-cr-00004-GMG-RWT-1)

Submitted: May 30, 2019                                    Decided: June 21, 2019

Before FLOYD and QUATTLEBAUM, Circuit Judges, and DUNCAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Barry P. Beck, POWER, BECK & MATZUREFF, Martinsburg, West Virginia, for Appellant. Zelda Elizabeth Wesley, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury found Christopher Wigfall guilty of two counts of distributing heroin and one count of possessing it with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012). The district court determined that he was a career offender under U.S. Sentencing Guidelines Manual § 4B1.1 (2016), and sentenced him to 210 months in prison, a term at the bottom of the advisory Sentencing Guidelines range.

Wigfall now appeals. Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court erred by (1) denying Wigfall's challenge under *Batson v. Kentucky*, 476 U.S. 79 (1986), during jury selection, when the Government used a peremptory strike on an African-American man in the jury pool; (2) designating Wigfall a career offender, based on prior Maryland felony convictions for possession of a narcotic with intent to distribute and robbery with a dangerous and deadly weapon; and (3) imposing an unreasonable sentence. Wigfall has filed a pro se supplemental brief raising additional issues.[*] We affirm.

With respect to Wigfall's *Batson* challenge, the potential juror whom the Government struck had been the president of the local branch of the National Association for the Advancement of Colored People. In that role, he met with officials from the United States Attorney's office for the Northern District of West Virginia—the same

---

[*] We have considered the issues raised in the pro se supplemental brief and conclude that they lack merit.

office that was prosecuting Wigfall—and wrote a letter to the attorney general about the shooting and killing of an African-American man by five white police officers. Separately, the potential juror's son had been convicted in the district court of a drug offense. In response to Wigfall's *Batson* challenge, the Government cited both of those facts as its reasons for exercising its peremptory strike. The district court noted that the Government had not struck an African-American woman from the jury pool and determined that the Government made a practical decision to strike the potential juror in issue because his son had been convicted in the same court and because the Government believed he had an "ax to grind" due to his dissatisfaction with the Government's investigation of the shooting death.

We review a district court's denial of a *Batson* challenge for clear error. *United States v. Walker*, 922 F.3d 239, 251 (4th Cir. 2019). "A clear error exists when we are left with the definite and firm conviction that an error was committed by the district court." *Id.* (internal quotation marks omitted). When a defendant has raised a *Batson* challenge, he must make a prima facie showing that the government exercised a peremptory challenge on the basis of race. *Id.* at 252. The burden then shifts to the government to articulate a nondiscriminatory reason for the challenge, and, to prevail, the defendant must show that that reason is a pretext for intentional discrimination. *Id.*

Here, the government provided two nondiscriminatory reasons for its decision to strike the African-American man from the jury. Wigfall failed to demonstrate that those reasons were a pretext for discrimination. We therefore conclude that the district court

3

did not err in rejecting Wigfall's *Batson* challenge to the Government's exercise of its peremptory strike.

With respect to Wigfall's sentence, we have reviewed the record and the relevant legal authorities and conclude that the district court properly calculated the advisory Guidelines range. Furthermore, the district court adequately explained its sentence, balancing Wigfall's criminal history and the seriousness of his offenses with what the court saw as his sincere efforts to change and improve himself. Nothing in the record rebuts the presumption that the court's sentence, at the low end of the Guidelines range, is reasonable. *See United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (noting sentence within or below properly calculated Guidelines range is presumptively reasonable).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the judgment of the district court. This court requires that counsel inform Wigfall, in writing, of the right to petition the Supreme Court of the United States for further review. If Wigfall requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Wigfall.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4